UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
In Re:

RICHARD A. MACMILLAN,   CASE NO: 11-20330

CAROL L. MACMILLAN,   CHAPTER 7

**MOTION FOR TURNOVER**

Debtors.

---

KENNETH W. GORDON, affirms under penalties of perjury as follows:

1. On February 28, 2011 a Petition under Chapter 7 of the Bankruptcy Code was filed by the debtors. An Order for relief was entered on said date. The undersigned was appointed Chapter 7 Trustee in this proceeding by the Office of the United States Trustee on February 28, 2011.

2. Property of this estate consists of non-exempt funds withdrawn from debtor, Richard Macmillan's Deferred Compensation Plan pre-petition and deposited into the debtor's bank account post-petition totaling $19,813.60.

3. Debtor, Richard Macmillan made a pre-petition withdrawal of $19,813.60 from his deferred compensation on or about February 17, 2011.

4. Such funds totaling $19,813.60 were deposited post-petition by debtor, Richard Macmillan to his Chemung Canal Trust bank checking account number 134006658 on March 18, 2011.

5. The debtors failed to list or disclose the above-described withdrawal and possession of such funds in their bankruptcy Schedules.

6. On May 3, 2011 the Trustee wrote to the debtors' attorney requesting turnover of $19,813.60 representing the non-exempt deferred compensation funds deposited post-petition into

debtor, Richard Macmillan's Checking account (a copy of the referenced correspondence is attached hereto).

7. In a follow-up letter dated August 2, 2011 the Trustee again requested the turnover of $19,813.60 representing the non-exempt deferred compensation funds (a copy of the referenced correspondence is attached hereto).

8. The debtors' attorney has asserted the position that the debtors believe that a portion of the funds are exempt and not property of the bankruptcy estate. The Trustee's office was notified by telephone by the debtors' attorney's office on August 4, 2011 that the debtors were instructed to "hold of" on sending funds to the Trustee until a full review of the amounts and exemptions were discussed by the Trustee and the debtors' attorney.

9. To date, the Trustee has not received any payment.

10. It is respectfully submitted that the Court should issue an Order directing turnover of the amount $19,813.60 representing the non-exempt deferred compensation funds deposited post-petition into debtor, Richard Macmillan's Checking account at Chemung Canal Trust.

11. The estate will incur attorney's fees in the amount of at least $550.00 in connection with this turnover application. It is requested that debtor be ordered to reimburse the estate for this expense.

WHEREFORE, the Chapter 7 Trustee prays for an Order of this Court:

A. Directing the debtors to turnover $19,813.60 pursuant to 11 U.S.C. Section

542, to the Trustee whose offices are located at 1039 Monroe Avenue, Rochester, New York and;

B.    Directing the debtors to pay to the estate attorney's fees incurred in connection with this motion; and

C.    For such other and further relief as to this Court seems just and proper.

Dated: 9/13/11
Rochester, New York

S/ Kenneth W. Gordon
KENNETH W. GORDON
Chapter 7 Trustee
1039 Monroe Avenue
Rochester, New York 14620
(585) 244-1070